UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADLES OF WEST VIRGINIA, LLC,<br><br>                                   Plaintiff,<br><br>v.<br><br>MARIO ALVAREZ, et al.,<br><br>                                   Defendants. | Case No.:  20-CV-2534 TWR (WVG)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE PROCESS OUTSIDE THE 90-DAY PERIOD**<br><br>**(ECF No. 18)** |

Before the Court is Plaintiff's Motion for Leave to Serve Process Outside the 90-Day Period.  (ECF No. 18.)  For the reasons set forth below, the Court **GRANTS** the Motion.

**LEGAL STANDARD**

Under Fed. R. Civ. P. 4(m), the court must dismiss a case without prejudice or "order that service be made within a specified time" if the plaintiff has not made timely service. Fed. R. Civ. P. 4(m).  The Rule also allows the court to "extend the time for service for an appropriate period" if the plaintiff "shows good cause for the failure." *Id.*  The Ninth Circuit has stated that Rule 4(m) provides "two avenues for relief." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).  "The first is mandatory: the district court must extend time for service upon a showing of good cause." *Id.* (citation omitted).  At a

minimum, "good cause" means "excusable neglect" and may at times require a showing of the following factors: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* n. 3. "The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Id.* at 1193. (citation omitted). Still, even without a showing of good cause, the court has discretion under Rule 4(m) to "extend the time for service or to dismiss the action without prejudice." *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). The court's discretion is broad, and there is no specific test to apply in exercising its discretion. *Id.*

## ANALYSIS

Here, the Court **GRANTS** additional time for service. Plaintiff claims that it has tried to serve the remaining Defendants many times to no avail, allegedly because Defendants have evaded service. (ECF No. 18 at 3–5.) These efforts, in light of the alleged evasion of service, constitute good cause for an extension. *See Ewing v. Pollard*, No. 19-CV855-CAB-BGS, 2019 WL 4736201, at *2 (S.D. Cal. Sept. 27, 2019) (finding that good cause exists under Rule 4(m) because of the Defendant's "apparent attempts to evade service."); *see also Levy v. Mass Mut.*, No. C 12-01298 LB, 2012 WL 5897266, at *1 (N.D. Cal. Nov. 21, 2012) (noting that "[e]vasion of service could also constitute good cause for delay in service," or if a plaintiff has "attempted to serve a defendant but has not yet completed it … or was prevented from serving a defendant because of events outside of its control."). Alternatively, the Court finds in its discretion that additional time is warranted based on Plaintiff's good-faith efforts. As requested, Plaintiff will have sixty (60) days from the date of this Order to complete service on the remaining Defendants. The Court **DENIES WITHOUT PREJUDICE** Plaintiff's request to serve by U.S. Mail or the United States Marshals. (*See* ECF No. 18 at 8–9.)

/ / /

/ / /

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for an additional sixty (60) days from the date of this Order to serve the remaining Defendants.

**IT IS SO ORDERED.**

Dated: May 27, 2021

_____
Honorable Todd W. Robinson
United States District Judge