UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADLES OF WEST VIRIGINIA, LLC, | Case No.: 20-CV-2534 TWR (WVG) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO QUASH FOR INSUFFICIENT SERVICE OF PROCESS** |
| MARIO ALVAREZ, et al., | |
| Defendants. | |
| | **(ECF No. 39)** |

Defendants George Alvarez ("George"), Mario Alvarez ("Mario"), Darci Alvarez ("Darci") and Mario R. Alvarez Sr. Cancer Foundation ("Cancer Foundation") (collectively, "Defendants") move to quash service of process based on insufficient service of process. ("Mot.," ECF No. 39.) Plaintiff Cadles of West Virginia, LLC ("Plaintiff") filed an opposition to Defendants' motion to quash. ("Opp'n," ECF No. 41.) Defendants filed a reply. ("Reply," ECF Doc. No. 44.) Pursuant to Civil Local Rule 7.d.1, the Court finds the matter suitable for determination on the papers and without oral argument. For the reasons discussed herein, the Court **DENIES** Defendants' motion to quash for insufficient service of process.

/ / /

/ / /

/ / /

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is an Ohio Limited Liability Company.  (Complaint ("Compl.") ¶ 1, ECF No. 1.)  Defendants, George, Mario, and Darci reside and do business in San Diego, California.  (*Id* ¶¶ 2–6.)  Defendant, Cancer Foundation, conducts business in the state of California, in or around Rancho Santa Fe, San Diego County; Mario Jr. is the President and CEO of the foundation.  (*Id.* ¶ 8.)  On December 31, 2020, Plaintiff filed a Complaint against Defendants alleging that Defendants are actively avoiding the payment of court ordered cost and fees by fraudulently transferring and concealing assets.  (*Id.* ¶¶ 129–30, 142–43.)  "Once the complaint in this action was filed, the addresses for personal service for the named Defendants were gathered from extensive and exhaustive research." (Opp'n, Dec'l of Assly Sayyar ¶ 7.)  Mr. Assly Sayyar, attorney for Plaintiff, used the various state judgment litigations, property records, state court records, and other proceedings involving Defendants to locate addresses.  (*Id.*)  Mr. Sayyar located multiple properties for each Defendant.  (*Id.* at ¶ 8.)  On February 3, 2021, Plaintiff attempted, unsuccessfully, to serve each Defendant in-person at their San Diego Property, 16907 Going My Way, San Diego, California 92127 ("San Diego Property").  Thereafter, Plaintiff attempted in-person service more than ten times and three times through mail at the San Diego Property.  (*Id.* at ¶ 11.)  Starting on April 15, 2021, Plaintiff made several attempts to serve Defendants, Mario Jr. and Darci, in-person and by-mail at their Miami Beach Address, 4301 Collins Ave. #1005 and #906, Miami Beach, FL 33140 ("Miami Property"). *Id.*  On May 28, 2021, Plaintiff attempted to serve Defendants, Mario Jr. and Darci, by-mail at their Hawaii property, 75-6130 Alii Drive, Kailu Kona, Hawaii 96740 ("Hawaii Property").  *Id.*  The service by mail attempts to the San Diego Property, Miami Property, and Hawaii Property were returned with error messages including: "returned to sender," "insufficient address," and "unable to forward," without explanation.  (*Id.* at ¶ 12.)

On June 4, 2021, Miguel Ruiz, California Process Server, served all Defendants at their Laguna Beach address, 405 Hill Street, Laguna Beach, CA 92651 ("405 Laguna Property").  (Opp'n, Dec'l of Miguel A. Ruiz ¶¶ 4–6.)  Upon arrival at the address, Mr.

20-CV-2534 TWR (WVG)

1   Ruiz asked a teenager sitting outside the property whether Mario, Darci, and George

2   resided there.  (*Id*. at ¶ 5.)  She responded that they lived "upstairs." (*Id.*)  Soon after, a

3   male adult informed Mr. Ruiz that Mario, George, and Darci lived in the "front house" at

4   401 Hill Street, Laguna Beach, CA 92651 ("401 Laguna Property"), Mr. Ruiz determined

5   that the statement was "incorrect" and "untruthful" and proceeded with service at the 405

6   Laguna Property.  (*Id*. at ¶ 6.)

7          On July 14, 2021, Defendants moved to quash service of process pursuant to Federal

8   Rule of Civil Procedure 12(b)(5).  Plaintiff filed an opposition to Defendants' motion to

9   quash on September 7, 2021.  On September 23, 2021, Defendants replied.

10                                          **ANALYSIS**

11  **I.   Legal Standard**

12         Federal Rule of Civil Procedure ("Rule") 12(b)(5) allows a defendant to move to

13  dismiss due to insufficient service of process.  Fed. R. Civ. P. 12(b)(5).  "A federal court

14  is without personal jurisdiction over a defendant unless the defendant has been served in

15  accordance with Fed.R.Civ.P. 4."  *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (citing

16  *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)).  "Objections to the validity

17  of service of process must be specific and must point out in what manner the plaintiff has

18  failed to satisfy the requirements of proper service."  *Aquawood LLC v. Wide Eyes*

19  *Marketing Ltd*., No. 11-cv-03046 SJO (AGRx), 2011 WL 13220333, at * 3 (C.D. Cal.

20  2011).  When a defendant alleges that he was not served with process, "[a] signed return

21  of service constitutes prima facie evidence of valid service which can be overcome only by

22  strong and convincing evidence."  *S.E.C. v. Internet Solutions for Bus. Inc.,* 509 F.3d 1161,

23  1163 (9th Cir.2007) (citation omitted.)  "Once service is challenged, plaintiffs bear the

24  burden of establishing that service was valid under Rule 4."  *Brockmayer v. May*, 383 F.3d

25  798, 801 (9th Cir. 2004).  "However, 'Rule 4 is a flexible rule that should be liberally

26  construed so long as a party receives sufficient notice of the complaint.'"  *Aquawood LLC*,

27  2011 WL 13220333, at * 3.

28  / / /

Federal Rule of Civil Procedure 4(e) provides that service of process may be made on an individual within any United States judicial district by, inter alia, "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."  Fed. R. Civ. P. 4(e)(2)(B). Service may also be provided pursuant to state law—here, California law.  *See* Fed. R. Civ. P. 4(e)(1).  Under California law, "substitute service" is permissible.  *See* Cal. Code Civ. Proc. § 415.20(b).  The relevant statute provides as follows:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Code Civ. Proc. § 415.20(b)

The determination of whether a particular residence counts as a party's place of usual abode is "highly fact-specific."  *Craigslist, Inc. v. Hubert*, 278 F.R.D. 510, 515 (N.D. Cal. 2011).  Multiple residences may qualify provided that each bears "sufficient indicia of permanence."  *Id.*; *see also U.S. v. Rose*, 437 F. Supp.2d 1166, 1172 (S.D. Cal. 2006). Furthermore, a defendant who has repeatedly represented to either the plaintiff or to outside parties that one residence is his place of usual abode may be estopped from later contesting that said residence was the proper location for service of process.  *Id.* (citing *Jaffe and Asher v. Van Brunt,* 158 F.R.D. 278, 280 (S.D.N.Y. 1994).

## II.    Service on Defendants

At issue is whether the 405 Laguna Property, at which process was served, constituted Defendants' place of usual abode for purposes of Rule 4(e) and Cal. Code Civ.

1  Proc. § 415.20(b).  According to Plaintiff, substitute service was effected on Defendants in

2  accordance with § 415.20(b).  Plaintiff has filed a proof of service signed by a process

3  server under penalty of perjury.  (*See* ECF Nos. 26, 28, 29, 31.)  The proof of service

4  reflects that a copy of the summons and complaint were left with a member of the

5  household over the age of 18 and that thereafter the documents were mailed to Defendants.

6  Plaintiffs have presented a prima facie case of valid service pursuant to § 415 .20(b), and,

7  under Ninth Circuit law, the prima facie case may "be overcome only by strong and

8  convincing evidence."  *SEC,* 509 F.3d at 1167 (internal quotation marks omitted).

9  Upon review, the Court finds that Defendants have not provided "strong and

10  convincing" evidence that the 405 Laguna Property is not a proper location for service of

11  process.  Plaintiff believes, after several attempts of service at several other of Defendants'

12  addresses, that Defendants' place of residence is the 405 Laguna property at which service

13  was effectuated.  Plaintiff came to this conclusion based on testimony provided by Mario

14  during a deposition on April 13, 2021 ("April 2021 Deposition"), provided in Plaintiff's

15  Opposition.  (Opp'n, Ex.1.)  Mario listed the Miami, San Diego, and Hawaii properties as

16  addresses that he receives mail.  (*Id*. at 6–7.)  Mario further elaborated and stated that his

17  home in Miami is typically his main address but, due to Covid-19, he has spent "a lot"

18  more time in California, either at the San Diego property or at the 401 Laguna Property

19  where his mother (Magali) resides.  (*Id*. at 8.)  Magali is the mother of George and Mario

20  and mother-in-law of Darci.  (Reply at 2.)  Defendants were not found at their San Diego

21  Property, Miami Property, or Hawaii Property and Plaintiff's service by mail attempts to

22  these properties were returned with error messages.  (Opp'n, Dec'l of Assly Sayyar ¶ 11–

23  12.)  When service of Darci and Mario Jr. were attempted at their Miami property the server

24  learned that the units were vacant and used as a vacation home.  (Opp'n at 7.)  The only

25  location in which Defendants were located in-person and served was at the 405 Laguna

26  Property on June 4, 2021.  (Opp'n, Dec'l of Assly Sayyar ¶ 11; Opp'n, Dec'l of Miguel A.

27  Ruiz ¶¶ 4–6.)

28

20-CV-2534 TWR (WVG)

1  Defendants claim that the 405 Laguna Property is not their place of usual abode.

2  (Mot. at 3–4.)  In Defendants' motion, and the declarations provided by Mario and George,

3  the 405 Laguna Property was listed as the property that Mario's mother stays when she is

4  not living in either the Hawaii or Miami properties.  (Mot. at 3–4; Dec'l of George Alvarez

5  ¶ 4; Dec'l of Mario Alvarez ¶ 5.)  George and Mario claim in their declarations that they

6  have spent very little time at the 405 Laguna Property, contradicting Mario's response in

7  his April 2021 Deposition.  (Dec'l of George Alvarez ¶ 5; Dec'l of Mario Alvarez ¶ 6;

8  Opp'n Ex.1.)  However, in Defendants' Reply, Defendants correct the address they used

9  for Magali's address, 405 Laguna Property, and state that Nicholas Alvarez, the son of

10  Mario and Darci, and the nephew of George, lives at the 405 Laguna Property.  (Reply

11  at 2.)  Defendants claim Magali lives at the 401 Laguna property.  *Id*.  The 401 Laguna

12  Property is "down the slope that you access by steps outside the residence along the side

13  of the property."  *Id*.  Both addresses appear to exist within the same physical property.

14  Plaintiff made a diligent effort to locate Defendants, through research and meetings with

15  counsel, attempted service on addresses that do qualify as Defendants' place of usual

16  abode, and provided service on the Defendants' current usual abode.  Defendants have not

17  provided strong and convincing evidence proving otherwise.

18  In determining whether an address constitutes a place of usual abode, there must be

19  "sufficient indicia of permanence." *Craigslist, Inc.*, 278 F.R.D. at 515.  A person can have

20  more than one dwelling or usual place of abode if each "bears sufficient indicia of

21  permanence." *Id*.; *see also Asmodus, Inc. v. Junbiao Ou*, No. EDCV 16-2511 JGB (DTBx),

22  2017 WL 5592914, at *8 (C.D. Cal. Feb. 3, 2017) (finding that a defendant's investment

23  property qualified as his dwelling house or usual place of abode where there was evidence

24  that he resided there sporadically throughout the year).  Furthermore, a defendant who has

25  represented to plaintiffs or outside parties that one residence is his place of usual abode,

26  "may be estopped from later contesting that said residence was the proper location for

27  service of process." *Craigslist, Inc.*, 278 F.R.D. at 515.  Here, Defendants have only been

28  located at the Laguna properties, their other properties have been identified by service

1   providers as vacant or known vacation properties (*See* Opp'n at 7.), and Defendants

2   previously listed the Laguna properties as their current residence.  In Mario's April 2021

3   Deposition, he refers to the 401 Laguna Property as one of the addresses he resides when

4   in California and spends "a lot" of time taking care of his mother.   (Opp'n, Ex.1.)  When

5   the service processor, Mr. Ruiz, arrived at the 405 Laguna Property, he was told Defendants

6   were "upstairs."   (Opp'n, Dec'l of Miguel A. Ruiz ¶ 4–6.)   He was later instructed to

7   proceed to 401 Laguna Property, which is located on the same property, where he was told

8   the Defendants reside. (*Id*. at ¶ 6.)  The 401 Laguna Property and the 405 Laguna Property

9   are both located on the same physical property, family members and Defendants reside at

10   the property, and the addresses have been used interchangeably by Defendants.  The Court

11   finds that both Laguna addresses constitute a place of usual abode for Defendants.

12   Upon review, the Court finds that the declarations and evidence submitted by both

13   the Plaintiff and Defendants point to the fact that the 405 Laguna Property is the place of

14   usual abode for the Defendants.  Defendants have not provided "strong and convincing

15   evidence" to prove service is improper. *See S.E.C*, 509 F.3d at 1163.  Rule 4 is "liberally

16   construed so long as a party receives sufficient notice of the complaint." *Aquawood LLC*,

17   2011 WL 13220333, at * 3.  Here, the presence of the Defendants was confirmed to be at

18   the property, service was provided to an individual residing at the property, the property is

19   the Defendants' place of usual abode, and service was effected on Defendants in

20   accordance with § 415.20(b)—parties have been put on notice of the complaint.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1

**CONCLUSION**

2  The Court **DENIES** Defendants' Motion to Quash Service of Process Based on

3  Insufficient Service of Process.  In light of the Court's decision, the Court **VACATES**

4  the hearing set for December 8, 2021.

5      **IT IS SO ORDERED.**

6  Dated:  November 30, 2021

7

8  Honorable Todd W. Robinson
   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20-CV-2534 TWR (WVG)