UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CADLES OF WEST VIRGINIA, LLC,

Plaintiff,

v.

ALVAREZ *et al.*,

Defendants.

Case No.:  20-CV-2534-TWR-WVG

**ORDER REGARDING DISCOVERY DISPUTE**

## I.    BACKGROUND

Pending before the Court is a discovery dispute regarding Plaintiff's Request for Production ("RFP") of Defendant Nicholas Alvarez's passport. This dispute was raised by Plaintiff's counsel on June 21, 2022, when counsel for the parties jointly contacted this Court's Chambers to raise three other discovery disputes related to Plaintiff's RFPs. That same day, the Court convened a telephonic conference to discuss the disputes (hereinafter referred as "June 21, 2022 Conference"). Assly Sayyar appeared for Plaintiff. Mark Fields appeared for Defendants. The Court then issued an order setting a briefing schedule regarding Plaintiff's RFP of Defendant Nicholas Alvarez's passport. (Doc. No. 67.) Plaintiff and Defendants timely filed their perspective briefs. (Doc. No. 68, 69.)

Having reviewed the parties' briefing and taken the parties' arguments made during the June 21, 2022 conference into consideration, the Court (1) ORDERS the following:

**No later than Friday, August 5, 2022**, Defendant Nicholas Alvarez shall produce his current passport, as well as any prior passports in Defendant Nicholas Alvarez's possession for the time frame of 2007 to the present. If Defendant Nicholas Alvarez is no longer in possession of any prior passports or prior passports do not exist, Defendant shall submit a sworn declaration indicating such.

## II.  DISCUSSION

### a.  Relevancy of Plaintiff's Request for Production Number 101

The parties' dispute is governed by the discovery rules. Under Rule 26(b), the scope of discovery is broad and entitles the parties to obtain discovery as to "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. ("Rule") 26(b)(1). Relevance is the Court's threshold inquiry and turns on whether evidence (1) has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action. Fed. R. Evid. 401; *Finjan, LLC v. ESET, LLC*, 2021 WL 1541651, at *3 (S.D. Cal. Apr. 20, 2021). At all times, "District Courts have wide latitude in controlling discovery," including in determining relevancy for discovery purposes. *U.S. Fidelity and Guar. Co. v. Lee Investments, LLC*, 641 F.3d 1126, 1136 (9th Cir. 2011); *Facedouble, Inc. v. Face.com*, 2014 WL 585868, at *1 (S.D. Cal. Feb. 13, 2014). When the discoverability of information becomes the subject of dispute, the party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). *See Bryant v. Ochoa*, 2009 U.S. Dist. LEXIS 42339 at *3 (S.D. Cal. 2009).

Here, Plaintiff's RFP 101 sought all passports for travel outside of the United States owned by Defendant Nicholas Alvarez. (Doc. No. 69 at 9:25-26.) In his initial response, Defendant Nicholas Alvarez objected to the request stating: "Responding Party objects to the foregoing Request for Production on the grounds that it is overbroad, burdensome, harassing, not relevant and not reasonably likely to lead to the discovery of admissible evidence, and invasive of privacy." *Id.* at 9:27-10:2. Plaintiff argued this request was relevant in light of the causes of actions pled against Defendant in Plaintiff's Complaint.

The Court finds the scope of Plaintiff's RFP is relevant in light of the nature of the allegations related to whether Defendant engaged in fraudulently concealing assets, property and income from lawful collection by creditors, including Plaintiffs. (Doc. No. 1.) Plaintiff's RFP is also not subject to Defendant's objection regarding admissibly of evidence. The case law is clear that the scope of discovery is broad and "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*; *Morgan Hill Concerned Parents Association v. California Department of Education*, 2017 WL 445722, at *3 (E.D. Cal. Feb. 2, 2017) (citing same).

Plaintiff's request for production of the passport was relevant and proportional to the needs of this case.

### b. Timeliness of This Dispute

Magistrate Judge William V. Gallo's Civil Chamber Rule IV requires parties who cannot resolve discovery disputes through good faith meet and confer efforts to jointly call chambers to notify the Court of a discovery dispute within thirty calendar days of the date upon which the event giving rise to the dispute occurred. Civil Chamber Rule IV(A) also sets out the good faith meet and confer standard for all disputed issues. Specifically, Civil Chamber Rule IV(A) requires counsel practicing in different counties to meet and confer by telephone and "[u]nder no circumstances may counsel satisfy the 'meet and confer' obligation by only written correspondence."

Defendant's counsel contends this discovery dispute is time barred as Plaintiff's counsel did not engage in the meet and confer process after Defendant objected to RFP 101 when Plaintiff waited beyond the thirty-day timeframe to raise the dispute. However, it appears Plaintiff did engage in *some* meet and confer regarding RFP 101. On March 3, 2022, Plaintiff's counsel emailed Defendant's counsel stating, "In follow up to my email below, I have not heard yet from you regarding any dispute to our position that the following supplemental responses are still insufficient." (Doc. No. 69, Exhibit 2.) Plaintiff's counsel email contained a list of all interrogatories in dispute among the parties. *Id.* Later that day, Defendant's counsel responded to Plaintiff's counsel's email detailing

20-CV-2534-TWR-WVG

his positions related to each request. (Doc. No. 69 at 4, and Exhibit 2.) Defendant's counsel asserts Plaintiff's counsel cut off the meet and confer process at this point as he did not ever receive a response to his March 3, 2022 email. (Doc. No. 69 at 2, 4, and 10.) Defendant's counsel also referenced his March 3, 2022 email when he provided Addendum Responses to Defendant Nicholas Alvarez' Responses to RFP 101. (Doc. No. at 10.)

Plaintiff's counsel takes the position that this dispute is not time barred as she reexamined her first set of RFPs after receiving Defendant's objections during the meet and confer efforts. During the June 21, 2022 Conference, Plaintiff's counsel concedes RFP 101 was overly broad, prompting her to withdraw the request and later propound RFP set two, where she limited the request for Defendant Nicholas Alvarez's passports to a time period of December 1, 2007 to the present. Plaintiff's counsel also argues the case law does not expressly require a party seeking request for productions to "meet and confer or engage in motion practice before redrafting a narrower request in the face of a valid objection." (Doc. No. 68 at 2.) Although Judge Gallo's Civil Chamber Rules do require an extensive meet and confer before raising a dispute with the Court, Plaintiff's counsel's concession that the RFP was overly broad renders Defendant's objection moot as to whether the RFP is overbroad.

### c. Defendant's Objections of Burdensome, Harassing, and Privacy

Objections to discovery requests must state with specificity the grounds for objecting to the request. Fed. R. Civ. P. 33(b)(3) and 34(b)(2)(B). Once the propounding party establishes relevance, the responding party bears the burden of substantiating its objections to show discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519. F.2d 418, 429 (9th Cir. 1975); *Cancino Castellar v. McAleenan*, 2020 WL 1332485, at *4 (S.D. Cal. Mar. 23, 2020) (quoting *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009) ("Once the propounding party establishes [relevance], the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'"). Specific to document requests, a request for production of documents may relate to any matter that may be inquired into

under Rule 26(b). Fed. R. Civ. P. 34(a)(1). For each request for production, the opposing party's "response must either state that inspection and related activities will be permitted as requested or state with *specificity* the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B); *see also Ins. King Agency, Inc. v. Digital Media Sols., LLC*, 2022 WL 2373357, at *2 (S.D. Cal. June 30, 2022) (emphasis added).

Where the responding party provides a boilerplate or generalized objection, the "objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condo. Owners Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2014 WL 3388871, at *2 (S.D. Cal. Jul. 9, 2014); *See also Ritacca v. Abbott Labs.*, 203 F.R.D. 332, 335 n.4 (N.D. Ill. 2001) ("As courts have repeatedly pointed out, blanket objections are patently improper, . . . [and] we treat [the] general objections as if they were never made."). The responding party must clarify, explain, and support its objections. *Anderson v. Hansen*, 2012 WL 4049979, at 8 (E.D. Cal. Sept. 13, 2012). "The grounds for objecting to a request must be stated . . . and as with other forms of discovery, it is well established that boilerplate objections do not suffice." *Id.*

When analyzing the proportionality of a party's discovery requests, courts consider: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to the information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. Proc. 26(b)(1). To that end, arguments against discovery – on the basis of proportionality or otherwise – must be supported by "specific examples or articulated reasoning." *Medimpact Healthcare Sys., Inc. v. IQVIA Inc.*, 2021 WL 5605281, at *2 (S.D. Cal. July 15, 2021) (citing *U.S. E.E.O.C. v. Caesars Entm't.*, 237 F.R.D. 428, 432 (D. Nev. 2006).). Further, Appendix A of Judge Gallo's Civil Chamber Rules states the Court does not favor "totally unsupported objections to discovery based on the usual boilerplate assertions that the request is overbroad or unduly burdensome, or that the information sought is irrelevant, privileged,

or is unlikely to lead to the discovery of admissible evidence."

Here, Defendant's asserted objections state: "Responding Party objects to the foregoing Request for Production on the grounds that it is overbroad, burdensome, harassing, not relevant and not reasonably likely to lead to the discovery of admissible evidence, and invasive of privacy." *Id.* at 9:27-10:2. Defendant must explain the specific and particular reasons why Plaintiff's RFP was burdensome, harassing, or invaded Defendant Nicholas Alvarez's privacy. Defendant's objection failed to provide any detail, explanation, or support to address these bases for not producing the passports. The objections are completely silent as to any reasoning to support these objections. In fact, Defendant's response to RFP 101 is identical to his response to RFP 102. Boilerplate objections, with nothing more provided, are meaningless.

Plaintiff narrowed the temporal scope of the RFP in its second set of production but did not address the burdensome, harassing, or privacy objections raised by Defendant. No discussion was necessary as Defendant's boilerplate objections were insufficient to warrant a response by Plaintiff.

## III.   CONCLUSION

Accordingly, the Court (1) ORDERS Defendant Nicholas Alvarez to produce his current passport, as well as any prior passports in his possession for the time frame of 2007 to the present. If Defendant Nicholas Alvarez is no longer in possession of any prior passports or prior passports do not exist, Defendant shall submit a sworn declaration indicating such. Defendant Nicholas Alvarez shall comply with this order to produce **no later than Friday, August 5, 2022**.

**IT IS SO ORDERED.**

DATED:  July 29, 2022

Hon. William V. Gallo
United States Magistrate Judge

20-CV-2534-TWR-WVG