UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADLES OF WEST VIRGINIA, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>ALVAREZ *et al.*,<br><br>                              Defendants. | Case No.:  20-CV-2534-TWR-WVG<br><br>**ORDER SANCTIONING DEFENDANTS GEORGE ALVAREZ, MARIO ALVAREZ, DARCI ALVAREZ, MAGALI ALVAREZ, AND ATTORNEY MARK C. FIELDS**<br><br>**[ECF Nos. 70, 72]** |

On July 26, 2022, the Court issued an Order to Show Cause ("OSC") requiring Defendants George Alvarez, Mario Alvarez, Darci Alvarez, and Magali Alvarez (herein after collectively referred to as "Defendants") and Defendants' counsel, Mark C. Fields ("Mr. Fields") to explain why sanctions should not be imposed against them for their failure to comply with a June 21, 2022 Court Order requiring Defendants to produce documents by July 12, 2022 ("June 21, 2022 Order"). (ECF No. 70.)

Having reviewed and considered the record, the Parties' briefing, and the oral arguments asserted by Counsel at the August 23, 2022 OSC Hearing ("OSC Hearing"), the Court hereby **ORDERS** monetary sanctions to be paid by Defendants and Mr. Fields, jointly and severally, for their failure to comply with the Court's June 21, 2022 Order.

# I.   FACTUAL AND PROCEDURAL BACKGROUND

On March 21, 2022, Plaintiff Cadles of West Virginia, LLC's ("Plaintiff") served Request for Production ("RFP") of Documents on Defendants, seeking the production of complete copies of all passports issued to Defendants since December 2007. (ECF No. 72, Exhibit A, ¶ 3.) After Plaintiff's counsel granted several extensions, Defendants untimely provided their response to the RFPs which included objections to the production of the passports. *Id.* at ¶ 4.

On June 21, 2022, the Parties jointly called this Court's chambers to raise four discovery disputes pertaining to Plaintiff's RFP. (ECF No. 67.) The Court then convened a Joint Discovery Conference to discuss the four discovery disputes, including the dispute leading to the Court's June 26, 2022 OSC. (ECF Nos. 67, 70.) Plaintiff's counsel Assly Sayyar ("Ms. Sayyar") appeared for Plaintiff. Mr. Fields appeared for Defendants Nicholas Alvarez, Mario Alvarez, George Alvarez, Darci Alvarez, and Magali Alvarez. (ECF No. 67.)

Later that day, the Court issued an order mandating Defendants to produce the current passports of Defendants Darci Alvarez, George Alvarez, Mario Alvarez, and Magali Alvarez, as well as any prior passports in Defendants' possession for the time frame of 2007 to the present. (June 21, 2022 Order, ECF No. 67.) If Defendants were no longer in possession of any prior passports or prior passports did not exist, Defendants were obligated to submit sworn declarations indicating such. *Id.* The Court set a deadline of July 12, 2022 for the production of the passports and declarations, consistent with the Court's discussion with Ms. Sayyar and Mr. Fields during the discovery conference. *Id.*

On July 22, 2022, counsel for the Parties jointly contacted this Court's chambers regarding the state of Defendants' production of passports and declarations. (ECF No. 70 at 2.)

On July 26, 2022, the Court convened a Joint Discovery Conference to discuss the dispute raised on July 22, 2022. (ECF No. 70 at 2.) Ms. Sayyar appeared for Plaintiff. *Id.* Mr. Fields appeared for Defendants. *Id.* During this conference, Ms. Sayyar reported

Defendants had not complied with the Court's June 21, 2022 Order. Ms. Sayyar represented the following events occurred after the June 21, 2022 Discovery Conference:

1. On July 12, 2022, Ms. Sayyar received an email with attachments in .jpeg format containing some portions of Defendant George Alvarez's passport. The email also contained some pages of Defendant Mario Alvarez's passport. The email did not contain any pages of passports for Defendants Magali Alvarez or Darci Alvarez. (ECF No. 72 at 15, ¶7.)

2. On July 15, 2022, Mr. Fields emailed some but not all pages of Defendant George Alvarez's passport and his declaration, some but not all pages of Defendant Mario Alvarez's passport and his declaration, and some but not all pages of Defendant Darci Alvarez's passport and her declaration. (ECF No. 72 at 15, ¶¶ 9, 10.)

3. Between July 15, 2022 and July 22, 2022, Ms. Sayyar attempted to meet and confer with Mr. Fields in an effort to informally obtain each Defendants' full passport and related declarations. (ECF No. 72 at 15-16, ¶¶ 11-13.)

4. On July 22, 2022, Ms. Sayyar and Mr. Fields met and conferred telephonically regarding the passport and declaration production. Unable to resolve the issue, both attorneys called Judge Gallo's chambers and jointly left a voicemail. (ECF No. 72 at 16, ¶¶ 13,14.)

5. On July 25, 2022, Ms. Sayyar received: all pages of Defendant George Alvarez, Mario Alvarez, and Darci Alvarez's current passports. Mr. Fields also represented he would have to make further arrangements to obtain Defendant Magali Alvarez' passport and would produce her current passport and declaration by August 1, 2022. (ECF No. 72 at 16, ¶15.)

In response, Mr. Fields argued he had substantially complied with the June 21, 2022 Order as he had produced copies of the stamped portions of Defendants George Alvarez and Mario Alvarez's passports on July 12, 2022, and had produced full and complete copies of the current passports and accompanying declarations for Defendants Darci Alvarez, George Alvarez, and Mario Alvarez on July 25, 2022. (*See* ECF No. 70 at 2:8-15.) Mr.

Fields represented Defendant Magali Alvarez had not produced any passports or declarations as he had faced difficulty obtaining the documents due to Defendant Magali Alvarez's age, lack of technical support, and residence in Miami Beach, Florida. *See id.* at 2:15-17.

On July 26, 2022, the Court issued an OSC requiring Mr. Fields and Defendants to explain why sanctions should not issue for their failure to comply with the Court's June 21, 2022 Order and the July 12, 2022 deadline. (ECF No. 70.) The Court set a deadline of August 2, 2022, for Mr. Fields and Defendants to respond to the OSC. *Id.* at 2. The Court also set a deadline of August 9, 2022 for Plaintiff to file a Response to Defendants' Response to the OSC, and a deadline of August 16, 2022 for Defendants' Reply Brief. *Id.* at 3.

On August 5, 2022, Plaintiff timely filed a Response to the OSC (hereinafter referred to as "Plaintiff's Sanctions Motion") requesting the Court issue sanctions against Defendants and Mr. Fields. (ECF No. 72.)

On August 7, 2022, Mr. Fields untimely filed his declaration regarding the OSC (hereinafter referred to as "Fields Declaration") and on August 8, 2022, Defendants untimely filed their Response to the OSC (hereinafter referred to as "Response to OSC"). (ECF Nos. 73, 74.)

On August 19, 2022, Mr. Fields and Defendants untimely filed a Declaration re OSC in lieu of a Reply Brief in Response to Plaintiff's Sanctions Motion (hereinafter referred to as "Reply Declaration"). (ECF No. 77.)

On August 23, 2022, the Court convened an OSC Hearing. (ECF No. 79.) Plaintiff's representative Nate Svette and Ms. Sayyar appeared. *Id.* Defendants and Mr. Fields also appeared. *Id.*

/ / /

/ / /

/ / /

/ / /

## II.   DISCUSSION

### A. Legal Standard

#### 1.   <u>Sanctions Under Federal Rule of Civil Procedure 37</u>

Rule 37 of the Federal Rules of Civil Procedure governs a party's failure to cooperate in discovery. Rule 37(b)(2)(A) provides: "[i]f a party ... fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Pursuant to Rule 37(b)(2)(C), a party's failure to obey a discovery order requires the court to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

#### 2.   <u>Sanction's Under the Court's Inherent Power</u>

A district court has the inherent power "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). Civil Local Rule 83.1(a) provides that the district court has the discretion to impose "any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions," for the failure of counsel, or of any party, to comply with the Court's Local Rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the court. *See* CivLR 83.1(a).

The Court's authority to award sanctions is broad and contemplates a range as Rule 37 "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1052 (S.D. Cal. May 8, 2015) citing *Johnson v. Sisodia*, 2015 WL 1746553, at *2 (E.D.Cal. Apr. 16, 2015); citing *Wyle v. R.J. Reynolds Indus. Inc.*, 709 F.2d 585, 589 (9th Cir.1983) (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643(1976)). "The decision

5

whether to penalize a party for dilatory conduct during discovery proceedings is committed to the sound discretion of the trial court." *Bollow v. Fed. Rsrv. Bank of San Francisco*, 650 F.2d 1093, 1102 (9th Cir. 1981) referencing Fed.R.Civ.P. 37(a) (4); e. g., *Marquis v. Chrysler Corp.*, 577 F.2d 624, 640 (9th Cir. 1978). "[B]y the very nature of its language, sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge." *Popescu v. City of San Diego*, 2017 WL 747940, at *3 (S.D. Cal. Feb. 27, 2017) (citing *O'Connell v. Fernandez–Pol*, 542 Fed.Appx. 546, 547-48 (9th Cir. 2013) and *Craig v. Far West Eng'g Co.*, 265 F.2d 251, 260 (9th Cir. 1959).)

**B. Noncompliance with the Court's June 21, 2022 Order**

<u>1. Defendants' Failure to Produce Passports and Declarations By July 12, 2022</u>

The Court's June 21, 2022 Order set forth a clear deadline of July 12, 2022 for all four Defendants to produce copies of their current passports and any prior passports in Defendants' possession for the time frame of 2007 to present. (ECF No. 67.) If any Defendants were no longer in possession of prior passports, they were required to submit a sworn declaration indicating such. *Id.* All copies of each Defendants' current passport, prior passport, and applicable declaration were due no later than July 12, 2022. *Id.*

Plaintiff argues Defendants' failure to comply with this deadline is indicative of Defendants' disregard for their discovery obligations and the Court's order. (Pl.'s Sanction Motion, ECF No. 72 at 3, 7-8.) Defendants argue although full compliance was late, it did occur. (ECF No. 74 at 2:21-22.) Specifically, at the July 26, 2022 Discovery Conference Mr. Fields argued even if Plaintiff took issue with the quality of the copies produced for Defendants George Alvarez and Mario Alvarez, substantial portions of these passports were in fact produced by July 12, 2022. Mr. Fields also argued that by July 25, 2022, Defendants had produced full and complete copies of the current passports and declarations for Defendants Darci Alvarez, George Alvarez, and Mario Alvarez. (See ECF No. 70 at 2:8-15.) Since Plaintiff eventually received all copies of the full passports and declarations, Defendants contend the OSC and OSC Hearing were unnecessary, especially if the Court were to consider the volume of discovery previously sought by Plaintiff. (ECF No. 74 at

3:2-21.)

The Court disagrees with Defendants and Mr. Fields' characterization of whether any Defendant substantially complied with the June 21, 2022 Order. It is clear no Defendant substantially complied with the July 12, 2022 deadline. A partial production containing only the stamped pages of Defendants George Alvarez and Mario Alvarez's passports were produced on July 12, 2022. (ECF No. 70 at 2:8-19.) No production of passports or declarations for Defendants Darci Alvarez and Magli occurred on July 12, 2022. *Id.* Three days after the deadline, on July 15, 2022, Plaintiff's counsel received another partial production containing "some but not all pages" of Defendants George Alvarez, Mario Alvarez, and Darci Alvarez's passport and their declarations. (ECF No. 72 at 15, ¶¶ 9, 10.)

Defendants Darci Alvarez, George Alvarez, and Mario Avarez did not complete their **full** production of current passports and declarations until July 25, 2022 – thirteen days after the deadline. (ECF No. 73 at 5, ¶23.) At the July 26, 2022 Discovery Conference, Defendant Magali Alvarez still had not produced any passports or declarations detailing an absence of passport. (ECF No. 70 at 2:15-17.) Ultimately, Defendant Magali Alvarez's passport and declaration were not produced until August 2, 2022 – twenty-one days after the deadline. (ECF No. 70 at 2:15-17.)

Defendants' noncompliance with the Court's July 12, 2022 deadline is further demonstrated by each defendant's declaration regarding the status of prior passports. Defendant Mario Alvarez's declaration was signed and executed on July 14, 2022 – two days after the July 12, 2022 deadline. (ECF No. 72 at 19.) Defendant Darci Alvarez's declaration was signed and executed on July 15, 2022 – three days after the July 12, 2022 deadline. (ECF No. 72 at 20.) Defendant George Alvarez's declaration was signed and executed on July 15, 2022 – three days after the July 12, 2022 deadline. (ECF No. 72 at 21.) Defendant Magali Alvarez's declaration was signed and executed on July 30, 2022 – eighteen days after the July 12, 2022 deadline. (ECF No. 72 at 22.)

In fact, Defendants' Response to OSC itself concedes Defendants did not timely

comply with the July 12, 2022 deadline. In the same sentence which Defendants purport sanctions are not warranted, the Response to OSC admits Defendants did not comply with the deadline when it states: "… in light of the full, complete, and massive responses to earlier written discovery request, and the full (albeit slightly delayed) compliance with the June 21, 2022 … ." (ECF No. 74 at 3:26-4:3.) The Response to OSC also states "although full compliance with the June 21, 2022 Order was *late*, full compliance has been provided." (ECF No. 74 at 2:21-22) (emphasis added).

Defendants clearly failed to substantially comply with the June 21, 2022 Order. Defendants George Alvarez and Mario Alvarez only produced one aspect of the production required by July 12, 2022. (ECF No. 70 at 2:8-19.) There was not a single declaration produced by any defendant by July 12, 2022. An additional thirteen days would pass before for Defendants George Alvarez, Mario Alvarez, and Darci Alvarez fully complied with the Court's order. (ECF No. 73 at 5, ¶ 23.) Defendant Magali Alvarez's production was not produced until three weeks after the July 12, 2022 deadline. (ECF No. 70 at 2:15-17.) By any means of calculating dates, the Court is unable to construe the untimely productions of all four Defendants to have substantially complied with the July 12, 2022 deadline. It would require the Court to undergo extensive mental gymnastics to come to the unreasonable conclusion that Defendants had substantially complied with the June 21, 2022 Order. At best, Defendants produced less than a fourth of the documents required by July 12, 2022.

Defendants clearly did not comply with the Court's July 12, 2022 deadline.

2. <u>Defendants and Mr. Fields' Apathy for Complying with the July 12, 2022 Deadline</u>

Defendants and Mr. Fields not only failed to comply with the July 12, 2022 deadline but their conduct also demonstrated apathy towards deadlines set by the Court. This apathy is particularly revealed by the timeline provided in Defendant Mario Alvarez's Declaration in Response to OSC. *See* ECF No. 74 at 8. The declaration states prior to June 21, 2022 Defendant Mario Alvarez had already agreed to produce his current passport and any prior passports to Plaintiff. *Id.* at 8, ¶4. Defendant Mario Alvarez then learned of the Court's

June 21, 2022 Order on July 5, 2022 but still did not provide copies of his existing passport to Mr. Fields until July 11, 2022. *Id.* at 8, ¶¶ 6, 7. Despite Defendant Mario Alvarez's knowledge of the Court's order, he did not provide a declaration to Mr. Fields until July 14, 2022. *Id.* at 8, ¶ 8. Additionally, Mr. Fields obtained copies of the stamped and blank pages of Defendant Mario Alvarez's passport in PDF format on July 17, 2022 but did not provide them to Plaintiff until July 25, 2022. *Id.* at 8, ¶ 10. Neither Defendant Mario Alvarez nor Mr. Fields have provided any explanation for why it took eight additional days to provide the full production of Defendant Mario Alvarez's passport.

Apathy was further demonstrated by Mr. Fields and Defendants George Alvarez and Darci Alvarez's conduct. Mr. Fields was aware of the potential need of a declaration for Defendants George Alvarez on June 21, 2022 yet he did not provide a draft declaration to Defendant George Alvarez until July 14, 2022 – two days after the deadline. (ECF No. 74 at 9, ¶ 8.) Defendant Darci Alvarez was aware of her production obligation and the July 12, 2022 deadline on July 5, 2022 but she waited until July 14, 2022 to provide copies of the passport to Mr. Fields. (ECF No. 74 at 10, ¶¶ 4, 5.) Once again, no explanation was provided as to why copies of Defendant Darci Alvarez's passport were not provided to Mr. Fields and Plaintiff before the deadline. (ECF No. 74.)

The most glaring example of disregard for the Court's deadline is shown in Defendant Magali Alvarez's Declaration in Response to OSC. (ECF No. 74 at 11.) Defendant Magali Alvarez was not informed of her obligation to provide her current and previous passports until July 14, 2022 – two days after the deadline had passed. (ECF No. 74 at 11, ¶¶ 3,4.)

Defendants' failure to produce passports and declarations by the July 12, 2022 deadline and apathy towards the deadline clearly demonstrates their noncompliance with the Court's June 21, 2022 Order.

**C. Noncompliance with the Court's Order to Show Cause**

Defendants and Mr. Fields' indifference towards court deadlines is further compounded by their failure to comply with the Court's Order to Show Cause.

On July 26, 2022, the Court issued an OSC requiring Defendants to file briefing no later than August 2, 2022. (ECF No. 70.) Along with Defendants' briefing, Mr. Fields was ordered to file a declaration thoroughly detailing (1) when he informed his clients of their obligation to produce copies of their current passports and declarations regarding prior passports; (2) all efforts Mr. Fields took to ensure his clients understood their obligation to produce the passports and documents; and (3) all steps Mr. Fields took to aid Defendants in producing the passports and declarations regarding prior passports. *Id.* at 2-3.

The Court also ordered Defendants to file declarations explaining (1) when each individual learned of the Court's order to produce their passport and declaration regarding prior passports; (2) what steps each individual took to comply with the Court's order by the deadline of July 12, 2022; (3) when each individual took those steps to comply with the Court's order; and (4) when each individual provided their passports and executed their declarations regarding the prior passports to Mr. Fields for production. (ECF No. 70 at 3.) The deadline for Mr. Fields and Defendants' declarations responding to the OSC were due no later than August 2, 2022. *Id.* at 2-3.

Neither Defendants nor Mr. Fields met the August 2, 2022 deadline. On August 7, 2022, Mr. Fields filed the Fields Declaration. (ECF No. 73.) On August 8, 2022, Defendants filed their Response to OSC and accompanying declarations detailing their knowledge of the June 21, 2022 Order. (ECF No. 74.)

Addressing the untimeliness of his declaration and Defendants' Response to OSC and declarations, Mr. Fields' declaration stated he "incorrectly listed August 2, 2022 as the date for Plaintiff's filing and August 9, 2022 for Defendants' filings" and misinformed Defendants of the deadlines. (Fields Declaration, ECF No. 73 at 2, ¶ 3.) At the OSC Hearing Mr. Fields reiterated his error and took responsibility for the mistaken dates despite the fact he was in attendance when the Court set the OSC deadlines. While Mr. Fields' accountability for his mistake is appreciated, the Court is unable to turn a blind eye to this error as Mr. Fields' own declaration states, "I noticed but did not follow up what I viewed as a surprising development that Plaintiff had not filed any documents on August

20-CV-2534-TWR-WVG

2, 2022." (Fields Declaration, ECF No. 73 at 2, ¶ 3.) Mr. Fields' careless approach to deadlines is further magnified by the fact Defendants did not file a Reply Brief by the August 16, 2022 deadline. Instead, a Reply Declaration in lieu of a Reply Brief was filed on August 19, 2022, after Judge Gallo's research attorney emailed counsel seeking the brief. (ECF Nos. 70, 77.)

Although the Court recognizes mistakes periodically occur during litigation, it cannot excuse the noncompliance which occurred here, particularly in light of Defendants and Mr. Fields' long history of dilatory conduct detailed below.

## D. Defendants and Mr. Fields' History of Dilatory Discovery

The persistent lack of urgency shown by Defendants and Mr. Fields throughout this litigation to diligently proceed with their discovery obligations and meet deadlines befuddles the Court.

In undertaking its sanctions inquiry, the Court may consider the party's dilatory and obstructive conduct in the instant action and any related actions. *Lowry v. Metropolitan Transit Bd. MTBS*, 2013 WL 4046657 *14 (S.D. Cal. 2013) (citing *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998). "Overall, sanctions imposed under Rule 37 should deter the [disobedient party's] conduct and remedy any prejudice it caused the [obedient party]." *Id.*; *S. Cal. Stroke Rehab. Assocs. v. Nautilus*, 2010 WL 2998839, at *2 (S.D. Cal. July 29, 2010).

Plaintiff argues Defendants' violation of the June 21, 2022 Order is "part of a larger procedurally documented pattern of discovery delays" and there is no evidence Defendants' "noncompliance was accidental or forgotten or there was any lack of notice." (Pl.'s Sanction Motion at 7:13-15, 7:27-8:2.) The Court agrees with this supposition.

Setting aside the fact the Response to OSC was filed a week late, Defendants' Response to OSC also contained examples of other instances when Defendants and Mr. Fields did not meet other deadlines during this litigation. For instance, the Response to OSC and Supplemental Declaration of Mark C. Fields states "Defendants have fully responded (although sometimes a few dates late) to a massive amount of discovery

requests." (ECF No. 74 at 2:28-3:2.) This lackadaisical approach to producing discovery or timely filing documents is not limited to the instant discovery dispute or OSC.

This case is riddled by a lengthy history of Defendants' indifference to discovery deadlines and dawdling approach to discovery. In fact, Defendants' indifference towards their discovery obligations, particularly with respect to producing documents timely, was made apparent to the Court even before the Case Management Conference ("CMC"). A month before the CMC, the parties jointly contacted this Court's chambers to raise two discovery disputes. (ECF No. 55.) On February 4, 2022, the Court convened the first of a series of discovery conferences due to Defendants' failure to appropriately or timely respond to discovery propounded by Plaintiff. (ECF Nos. 56, 57.) Following the discovery conference, Defendants were ordered to produce documents or provide responses to each category of documents sought by Plaintiff's discovery requests. (ECF No. 57.) The deadline for subsequent discovery responses or productions was February 25, 2022. *Id.*

On February 28, 2022, the parties jointly contacted this Court's chambers as Defendants had failed to provide any supplemental discovery by the February 25, 2022 deadline. (ECF No. 60.) On March 1, 2022, the Court convened a second discovery conference to discuss Defendants' ongoing delayed production. (ECF No. 61.) Based on the representations made during this conference, the Court ordered the parties to further meet and confer and lodge directly to chambers a Joint Status Report no later than March 4, 2022. (ECF No. 61.) On March 8, 2022, the Court ordered the parties to lodge a second Joint Status Report due by March 11, 2022. (ECF No. 63.)

On March 11, 2022, the parties submitted a second Joint Status Report updating the court on the progress of the supplemental discovery and document production. (ECF No. 57.) Following this status report, the Court's March 11, 2022 Order noted Defendants' continued failure to timely produce documents in accordance with the Court's February 4, 2022 Order. (ECF No. 65.) In fact, the March 11, 2022 Order itself stated:

> Defendants' apparent continuous disregard of expeditious prosecution of this matter is not aligned with the spirit of prompt and diligent advocacy related

1
2
3

> to litigation proceedings, bordering on misuse of the discovery process, and prompting the Court to consider whether sanctions are in order. The Court has provided more than ample time for Defendants to produce discovery and for the Parties to resolve these discovery issues.

4
5

*Id.* at 1-2. Defendants' history of delaying document productions prior to the June 21, 2022 discovery dispute amplifies their clear disregard for deadlines set by the Court.

6

**E. No Exceptions to the Sanction Rules Apply**

7
8
9
10
11
12
13
14

Central to the court's sanctions analysis is whether the party's failure to obey an order "was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "[T]he burden of showing substantial justification and special circumstances is on the party being sanctioned." *Hyde & Drath v. Baker,* 24 F.3d 1162, 1171 (9th Cir.1994). A finding of bad faith is not required for monetary sanctions under Rule 37. *Id.* The Court does not find Defendants have made an adequate showing that substantial justification or other circumstances exist to render an award of sanctions unjust in this instance.

15
16
17

    1.  <u>No Apparent Justification for Defendants' Noncompliance Exists</u>

The Court does not find any substantial justification exists to excuse Defendants' noncompliance with the June 21, 2022 Order.

18
19

> *a. Mr. Fields' Delay in Communicating Discovery Obligation to Defendants Does Not Excuse Non-Compliance with the Deadline*

20
21
22

Courts have consistently held sanctions may be imposed for negligent failures to produce discovery. *Fjelstad,* 762 F.2d at 1343; *See Lew v. Kona Hospital,* 754 F.2d 1420, 1427 (9th Cir.1985); *Marquis v. Chrysler Corp.,* 577 F.2d 624, 642 (9th Cir.1978).

23

In Mr. Fields' Declaration in Response to OSC, he states:

24
25
26
27
28

> On Tuesday, July 5, 2022 at 11:30 a.m., I sent an email to George Alvarez, Mario Alvarez, and Ken Hobbs, stating that I had thought I had previously sent to them a list of what Mario Alvarez had agreed to provide voluntarily and a copy of the Court's June 21, 2022 Order … Prior to July 5, 2022, I had not informed George Alvarez, Mario Alvarez, or Ken Hobbs of the Court's June 21, 2022 Order, described its terms, or provided them a copy.

/ / /

20-CV-2534-TWR-WVG

(ECF No. 73 at 3 ¶ 7.) The Fields Declaration is silent as to any other explanation for why Defendants were not made aware of the June 21, 2022 Order until July 5, 2022 – two weeks after the order was issued. *See* ECF No. 73. The Reply Declaration is also silent as to any explanation for why Defendants were not provided a copy of the June 21, 2022 Order until July 5, 2022. *See* ECF No. 77.

Although the timing of when Defendants were fully informed of their discovery obligation may have been a contributing factor, it alone is not enough to excuse Defendants' noncompliance. No explanation was provided for why Defendants George Alvarez, Mario Alvarez, and Darci Alvarez did not provide copies of their full passports and declarations to Mr. Fields or Plaintiff before the July 12, 2022 deadline. *See* ECF Nos. 73, 74, 77. As analyzed above, Defendant Mario Alvarez had already agreed to produce his passport prior to the Court's June 21, 2022 Order and Defendants George Alvarez and Darci Alvarez had substantial time to comply with the July 12, 2022 deadline when they learned of the June 21, 2022 Order on July 5, 2022. (ECF No. 73 at 5, ¶ 23.)

The lack of explanation for further production delays after learning of their discovery obligations leads the Court to surmise as to whether Defendants were negligent or indifferent to the deadlines. No adequate justification was provided in either case.

### b. Mr. Fields and Defendants Failed to Timely Inform the Court of Issues Related to Production

Further, Mr. Fields and Defendants failed to timely inform the Court of issues related to the complete production of passports and declarations. When the Court pressed Mr. Fields about the production delays during the July 26, 2022 Discovery Conference, Mr. Fields stated part of the delay was due to his experiencing issues with producing the passports in a format involving Bates stamps due to changes involving his law firm's office space and support staff. Rather than raising these issues with the Court before or shortly after the July 12, 2022 deadline, Mr. Fields delayed raising these issues until he was questioned by the Court during a discovery conference two weeks after the deadline. / / /

With respect to the production issues related to Defendant Magali Alvarez's passport, Mr. Fields had multiple opportunities to inform the Court and Plaintiff's counsel of any such circumstances prior to the July 12, 2022 deadline. Instead, he failed to avail himself and Defendants of those opportunities. Mr. Fields waited until July 15, 2022 to raise these complications with Plaintiff's counsel (ECF No. 72 at 15, ¶ 11) and once again, the Court first learned of such difficulties at the July 26, 2022 Discovery Conference – two weeks after the production deadline had passed.

None of the reasons provided by Mr. Fields to justify the production delays sufficiently explains why Defendants and Mr. Fields delayed in producing a relatively simple set of documents.

The "substantially justified" exception of Rule 37(b)(2)(C) does not apply.

### 2.  No Other Circumstances Which Would Make an Award of Expenses Unjust

The Court is not aware of any other circumstances which would make an award of expenses unjust. Defendants and Mr. Fields were given ample time to produce the passports and declarations. The straightforwardness of the production obligation was further demonstrated by the fact Defendants could submit a declaration indicating no passport was in each Defendants' possession if that were the circumstance. (ECF No. 67.) Instead, three Defendants did not fully comply until July 25, 2022 – thirteen days after the July 12, 2022 deadline. (ECF No. 73 at 5, ¶ 23.) Full compliance for Defendant Magali Alvarez did not occur until August 2, 2022 – three weeks after the July 12, 2022 deadline and forty-two days after the Court ordered production. (ECF No. 70 at 2:15-17.)

Plaintiff's counsel's efforts to obtain Defendants' production of passports and declarations after July 12, 2022 without further Court intervention demonstrates Plaintiff wanted to continue to work cooperatively to obtain the documents despite Defendants' many failed promises to produce this and other discovery in the past. *See* Pl.'s Sanctions Motion, ECF No. 72 at 14-16. On July 22, 2022, Plaintiff's counsel resorted to jointly contacting the Court only after giving Defendants and Mr. Fields multiple opportunities to fulfill their obligations – including ten additional days to produce the passports and

declarations. *Id.* Aside from arguing Plaintiff has not been prejudiced by the delayed production, Defendants and Mr. Fields have not provided any arguments as to why an award of sanctions would be unjust. (ECF Nos. 73, 74, 77.)

Based on the foregoing, awarding payment of expenses to Plaintiff would not be unjust in this case. The Court does not find the "other circumstances" exception in Rule Rule 37(b)(2)(C) to apply.

**F. Appropriate Sanctions**

Plaintiff's Sanctions Motion requests (1) an award of sanctions in the amount of $11,985.38 for reasonable expenses incurred by Plaintiff due to Mr. Fields and Defendants' non-compliance with the Court's June 21, 2022 Order and (2) an order and formal finding of compensatory civil contempt against Defendants and Mr. Fields. (ECF No. 72 at 10.)

When a party fails to comply with a court order, the Rules mandate "the court *must* order the disobedient party, the attorney advising that party, *or both* to pay the reasonable expenses, including attorney's fees, caused by the failure". Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). Further, under Rule 37(b), sanctions are permissible when a party fails to comply with a court order regardless of the reasons. *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 208 (1958) ("Whatever its reasons, petitioner did not comply with the production order. Such reasons, and the willfulness or good faith of petitioner, can hardly affect the fact of noncompliance … ."). Indeed, sanctions pursuant to Rule 37(b) may be imposed for negligent conduct. *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1343 (9th Cir. 1985) ("We have consistently held that sanctions may be imposed for negligent failures to provide discovery."); *David v. Hooker, Ltd.*, 560 F.2d 412, 420 (9th Cir. 1977) ("[I]n view of the possibility of light sanctions, even a negligent failure [to obey an order] should come within [Rule 37(b)].").

As Defendants failed to comply with the Court's June 21, 2022 Order, the Court finds it appropriate to order payment of expenses to Plaintiff by Defendants and Mr. Fields, jointly and severally, but not to the extent requested. The Court also orders reporting of

sanctions against Mr. Fields to the State Bar of California. The Court does not find an order of civil contempt against Defendants and Mr. Fields to be appropriate.

### 1. Plaintiff's Reasonable Attorney's Fees and Expenses

In the Ninth Circuit, a district court determines a reasonable fee award first by "calculating the lodestar amount, which is the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.' " *Kirschner v. J.P. Morgan Chase Bank, N.A.*, No. 20-CV-01712-LAB-JLB, 2021 WL 2633592, at *2 (S.D. Cal. June 25, 2021) citing to *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Under Rule 37 "hours actually expended in the litigation are not to be disallowed without a supporting rationale." *Orthopaedic Hosp. v. Encore Med., L.P.*, 2021 WL 5449041, at *12–14 (S.D. Cal. Nov. 19, 2021) (citing *Shaw v. Ultimate Franchises*, 2020 WL 5539963, at *3 (C.D. Cal. Aug. 25, 2020) and *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). At all times, the Court "has a great deal of discretion in determining the reasonableness of the fee[,]" including "the reasonableness of the hours claimed by the prevailing party." *Id.*; *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

As a preliminary matter, during the OSC Hearing the Court provided Defendants an opportunity to address the accuracy and reasonableness of expenses Plaintiff allegedly incurred after July 12, 2022 related to Defendants' noncompliance with the June 21, 2022 Order. Mr. Fields stated Defendants did not dispute the accuracy of Plaintiff's counsel's billing entries submitted to the Court.

Plaintiff counsel's itemized billing statements[1] reflect a total of $6,840 in fees incurred between July 12, 2022 and August 5, 2022 Plaintiff asserts are related to meet and

---

[1] Plaintiff has provided billing statements which the Court has reviewed. Plaintiff's attorneys' billing rates, hours expended and costs to pursue the discovery and these sanctions are all reasonable and justifiable. Those expenses also appear directly related to Plaintiff's efforts in seeking compliance with the Court's June 21, 2022 Order and these sanctions proceedings.

confer efforts with Mr. Fields, Plaintiff's counsel's efforts to obtain Defendants' passports and declarations, responding to the Court's OSC, and related tasks. (ECF No. 72 at 23-40.)

In her Sanctions Motion, Plaintiff reported attorneys Assly Sayyar and Renie Leakakos expended 30.4 hours at a rate of $225.00 per hour, for time spent between July 12, 2022 and August 5, 2022 attempting to obtain Defendants' passports and declarations, jointly contacting the Court on July 22, 2022 and July 26, 2022, and drafting Plaintiff's Sanctions Motion. (ECF No. 72 at 8-9.)

Plaintiff's Sanctions Motion also estimated an additional 16 hours, amounting to $3,600.00, would be expended between August 5, 2022 and the OSC Hearing on August 23, 2022 related to preparation for the OSC Hearing. (ECF No. 72 at 18, ¶ 22.) This amount appears to be reasonable given Defendants and Mr. Fields untimely filed several declarations, a Response to OSC, and Declaration In Lieu of a Reply after August 5, 2022. (ECF Nos. 73, 74, 77.)

### 2. Plaintiff's Client Representative's Travel Costs

Additionally, Plaintiff incurred $1,545.38 to have Plaintiff's client representative Nate Svette travel to, and appear at, the OSC Hearing.[2]  This amount is also reasonable given the Court required Nate Svette to appear in person.

### 3. Deductions for Overly Broad and Vague Timekeeping Entries

Among the timekeeping entries submitted by Plaintiff for work completed between July 12, 2022 and August 5, 2022 were numerous redactions by Plaintiff's counsel. Ms. Sayyar's declaration indicates these redacted entries "remov[ed] non-relevant time entries not related to the violation" and were made to "preserve the attorney-client privilege." (ECF No. 72 at 17, ¶ 19.)

Due to the redactions, the following timekeeping entries reflect what the Court finds to be overly broad and vague so the Court cannot assess the reasonableness of the hours

---

[2] Mr. Svette's airfare was $916.18, and his cost of lodging was $629.20. (Pl.'s Sanctions Motion, ECF No. 72, Exhibit B, B-1, and B-2.)

counsel reportedly worked related to Defendants' violation of the June 21, 2022 Order: Ms. Sayyar and Ms. Leakakos' timekeeping entries on (1) July 12, 2022 for "Call with Nate re" for 0.2 hours; (2) July 13, 2022 to "Draft email to client re" for 0.1 hours; (3) July 13, 2022 to "Draft email to client re" for 0.3 hours; (4) July 22, 2022 to "Send and receive email with client" for 0.2 hours; (5) July 26, 2022 to "Draft lengthy email to client" for 0.5 hours; (6) July 27, 2022 to "Draft email to client" for 0.1 hours; (7) August 1, 2022 for "Telephone call with Nate Svette" for 0.5 hours; (8) August 3, 2022 for "Call with Nate" for 0.4 hours; (9) August 3, 2022 to "Draft email to Nate" for 0.3 hours; (10) August 3, 2022 to "Send and receive email with client" for 0.3 hours; (11) August 4, 2022 to "Draft email to client" for 0.1 hours; (12) August 4, 2022 to "Review emails from Nate" for 0.2 hours; (13) August 4, 2022 to "Review emails from client re" for 0.2 hours; (14) August 4, 2022 for "Call with client re" for 0.3 hours; (15) August 5, 2022 to "Review emails from client re" for 0.2 hours; and (16) August 5, 2022 for "Telephone call with client re" for 0.3 hours. (ECF No. 72 at 23-40.)

Given these sixteen timekeeping entries, the total hours the Court finds overly broad and vague for Ms. Sayyar and Ms. Leakakos' work between July 12, 2022 and August 5, 2022 is equivalent to 4.2 hours.

### 4. Total Costs Incurred By Plaintiff

After the Court's deductions for overly broad timekeeping entries, Plaintiff incurred $5,895 in fees related to work between July 12, 2022 and August 5, 2022. Computing this amount with the additional 16 hours of preparation for the OSC Hearing and travel expenses for Mr. Svette's appearance at the OSC Hearing, Plaintiff incurred a total of $11,040.38 necessitated by Defendants' failure to comply with the Court's June 21, 2022 Order. Rule 37(b)(2)(C) limits the amount of recoverable fees and expenses to those directly related to, or "caused by," the discovery misconduct. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 n.5 (2017).  As Plaintiff's counsel has reasonably sought no more than what was incurred directly from Defendants' noncompliance with the June 21, 2022 Order, and by operation of the mandatory expense-shifting provision of Rule

37, Plaintiff is entitled to **$11,040.38** in attorney's fees and expenses.

## G. Defendants and Mr. Fields Should Pay Reasonable Attorney's Fees and Expenses Jointly and Severally

Rule 37(b)(2)(C) allows the Court to impose the obligation to pay expenses on the disobedient party, the party's attorney, or both. The Court finds Defendants and Mr. Fields must jointly and severally pay the attorney's fees and expenses incurred by Plaintiff due to Defendants' violation of the Court's June 21, 2022 Order.

First, Defendants should be liable for payment of expenses because the ultimate responsibility for the conduct of the case rests with them.  Even if the delays and failures in this case were due to Mr. Field's negligent conduct alone, Defendants are nonetheless liable given their attorneys' actions and conduct are imputed to them.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962); *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir. 1990). "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link*, 370 U.S. at 634 quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1879).

Second, there is some indication Defendants may have also been responsible for the delay. For example, the Fields Declaration and Defendants' Declarations in Response to OSC all state Defendants George Alvarez, Mario Alvarez, and Darci Alvarez were made aware of the Court's June 21, 2022 Order on July 5, 2022. (ECF No. 73 at 3 ¶ 7.) Despite this knowledge, all three Defendants failed to provide complete copies of their passports and declarations to Mr. Fields before July 12, 2022. (ECF No. 74 at 8-10.) Defendants George Alvarez and Mario Alvarez actually had copies of the Court's order in their possession and should have been aware it not only required the production of copies of current passports but also a declaration indicating the status of passports prior to 2007. *Id.* at 8,9. Defendant Darci Alvarez did not provide any copies of her passport to Mr. Fields until July 14, 2022. *Id.* at 10, ¶¶ 4-5.

For these reasons, Defendants should be responsible for payment of expenses.

However, Defendants should not be solely responsible given Mr. Field's negligent conduct. As detailed above, Mr. Fields' indifference for Court deadlines cannot be excused. Although mistakes periodically occur during litigation, Mr. Fields established a pattern of promising to Plaintiff and the Court that discovery was forthcoming and then failing to produce by the deadlines.  Mr. Fields' conduct contributed to the delay in this case and the Defendants' violations of the Court's order. Mr. Fields should therefore also be liable for the expenses Plaintiff incurred after July 12, 2022 and the sanctions proceedings which have flowed from the violation of the June 21, 2022 Order.

Based on the foregoing, Defendants and Mr. Fields are jointly and severally liable and responsible for payment of $11,040.38 in attorney's fees and expenses.  *See Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1223 (W.D. Wash. 2014) (imposing $15,695.00 Rule 37(b)(2)(C) sanctions jointly and severally upon defendants and their counsel).

The Court **GRANTS** Plaintiff's Sanction Motion with respect to monetary sanctions and **ORDERS** Defendants and Mr. Fields to jointly and severally pay for reasonable attorney's fees and expenses of **$11,040.38**. Payment to Plaintiff must be made within thirty (30) days of issuance of this Order. Further, to the extent applicable, Defendants and Mr. Fields shall incur a fine of $100.00 per day for each day they fail to fully satisfy payment.

**H.  Reporting to the State Bar of California**

California Business and Professions Code § 6068(o)(3) requires attorneys to self-report imposition of judicial sanctions of $1,000.00 or more.  The Clerk of Court shall forward a copy of this order to the State Bar of California to ensure the reporting is completed.

**I.  Plaintiff's Request for Compensatory Civil Contempt Order**

Finally, the Court turns to whether Plaintiff's request for a compensatory civil contempt order against Defendants and Mr. Fields is warranted.

Title 18 of the United States Code section 401 provides:

1
2
3
4

> a court of the United States shall have power to punish by fine … at its discretion, such contempt of its authority, and none other, as – (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) Misbehavior of any of its officers in their official transactions; (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

5
6
7
8
9
10
11
12
13
14
15

18 U.S.C. § 401. Civil contempt is designed to induce compliance with a court order; punishment therefor is conditioned upon the contemnor's continuing noncompliance and is limited to imprisonment until the contemnor complies with the order or until the trial ends. *United States v. Rose*, 806 F.2d 931, 933 (9th Cir. 1986) citing to *United States v. Powers,* 629 F.2d 619, 627 (9th Cir.1980). "Punishment for civil contempt is usually considered to be remedial. The penalty is designed to enforce compliance with a court order." *United States v. Powers*, 629 F.2d 619, 627 (9th Cir. 1980) citing to *In Re Timmon*s, 607 F.2d 120, 124 (5th Cir. 1979). "For that reason, civil contempt punishment is conditional and must be lifted if the contemnor obeys the order of the court." *Shillitani v. United States*, 384 U.S. 364 (1966).

16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff's request for an award of compensatory civil contempt pursuant to 18 U.S.C. section 401 is premised on the basis that compensatory civil contempt sanctions are designed to compel future compliance and such an order here would dissuade Defendants from further disobedience with discovery deadlines. (Pl.'s Sanction Motion, ECF No. 72 at 5:1-6.) Plaintiff argues the history of discovery disputes in this case shows Defendants' past intent and may be a reflection of what is yet to arise given fact discovery does not close until October 4, 2022 and expert discovery has not yet begun. Plaintiff also argues Defendants should be held in civil contempt as a client is ordinarily chargeable with his counsel's negligent acts and Mr. Fields' responses to the Court's questions during the OSC Hearing demonstrated his disregard for deadlines. *Id*. at 5:10-21. Specifically, Plaintiff pointed to Mr. Fields' representations that Defendants had fully complied with the Court's order albeit late, and Plaintiff's Sanction Motion was not necessary as Plaintiff would have eventually received all documents.

20-CV-2534-TWR-WVG

The Court acknowledges the arguments raised by Plaintiff's counsel as Mr. Fields and Defendants' conduct thus far (including the extensive history detailed above) demonstrates their dilatory approach to discovery and discovery obligations. However, the Court does not find it appropriate to issue an order of compensatory civil contempt as the penalty of a civil contempt award is designed to enforce punishment and compliance. Although it took twenty-one days after the July 12, 2022 deadline for Mr. Fields and Defendants to fully comply with the Court's June 21, 2022 Order, they have now complied. Defendants produced complete passports and declarations for Defendants George Alvarez, Mario Alvarez, and Darci Alvarez on July 25, 2022. (ECF Nos. 72 at 16, ¶15; 73 at 5, ¶23.) Mr. Fields produced a complete passport and declaration for Defendant Magali Alvarez on August 2, 2022. (ECF No. 70 at 2:15-17.) A finding of compensatory civil contempt does not appear to be necessary for enforcing future compliance as Mr. Fields and Defendants have also retained additional co-counsel to deal with pending discovery and avoid future discovery errors. (Fields Declaration, ECF No. 73 at 2:20-23.) As of August 11, 2022, additional counsel for the Defendants had been retained and appeared on the record. (ECF No. 76.)

The Court recognizes the laggard timeline for Mr. Fields and Defendants to fully comply; a recognition reflected in the Court's above order of monetary sanctions against Mr. Fields and Defendants. However, as of the August 23, 2022 OSC Hearing Defendants had fully complied with the June 21, 2022 Order, thus an order of compensatory civil contempt would neither prompt further compliance nor document production.

Accordingly, the Court **DENIES** Plaintiff's request to issue a formal finding of compensatory civil contempt against Defendants.

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.    CONCLUSION

The Court **GRANTS** Plaintiff's Sanction Motion with respect to monetary sanctions and orders Defendants and Mr. Fields to jointly and severally pay for reasonable attorney's fees and expenses of **$11,040.38**. The Court **DENIES** Plaintiff's Sanction Motion with respect to a finding of compensatory civil contempt. The Court also **ORDERS** a copy of this order to be forwarded to the State Bar of California by the Clerk of Court. [3]

**IT IS SO ORDERED.**

DATED:  October 4, 2022

_____
Hon. William V. Gallo
United States Magistrate Judge

---

[3] The Order may be sent to the following contact point at the State Bar's Office of Chief Trial Counsel:     State Bar of California Intake Unit
845 S. Figueroa Street
Los Angeles, CA 90017