1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  CADLES OF WEST VIRGINIA, LLC, | Case No.:  20-CV-2534 TWR (WVG) |
| 12                                     Plaintiff, | |
| 13  v. | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO FILE EXHIBITS UNDER SEAL IN SUPPORT OF ITS MOTION FOR PREJUDGEMENT WRIT OF ATTACHMENT** |
| 14  MARIO ALVAREZ, et al., | |
| 15                                     Defendants. | |
| 16 | |
| 17 | (ECF No. 85) |

18      Presently before the Court is Plaintiff Cadles of West Virginia, LLC's Motion to File

19  Certain Exhibits Under Seal (ECF No. 85, "Mot.") in support of its Motion for Prejudgment

20  Writ of Attachment (ECF No. 86).  For the reasons set forth below, the Court **DENIES**

21  Plaintiff's Motion.

22      "[T]he courts of this country recognize a general right to inspect and copy public

23  records and documents, including judicial records and documents."  *Nixon v. Warner*

24  *Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one

25  'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."

26  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*

27  *v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  A party seeking

28  / / /

1

1    to seal a judicial record bears the burden of overcoming this strong presumption of access.
2    *Foltz*, 331 F.3d at 1135.

3         The showing required to seal a judicial record depends upon whether the documents
4    to be sealed relate to a motion that is "more than tangentially related to the merits of the
5    case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016).
6    Where the underlying motion is more than tangentially related to the merits of the case, the
7    stringent "compelling reasons" standard applies. *Id.* at 1096–98.   Where the underlying
8    motion does not surpass the tangential relevance threshold, the less exacting "good cause"
9    standard applies.   *Id.*   The decision to seal documents is "one best left to the sound
10   discretion of the trial court" upon consideration of "the relevant facts and circumstances of
11   the particular case." *Nixon*, 435 U.S. at 599.

12        Plaintiff seeks leave to file the following exhibits under seal in support of its Motion
13   for Prejudgment Writ of Attachment: (1) Portions of Beth Chrisman's Expert Report (pages
14   42–1314) (ECF Nos. 87-1–87-7); (2) Loan Application for Laguna Beach Property in the
15   Name of Mario Alvarez (pages 1632–1638) (ECF No. 87-8); and (3) Loan Application for
16   Kailua Kona Property in the Name of Mario Alvarez (pages 1639–1644) (ECF No. 87-9).
17   (*See* ECF No. 86 at 2–3.)[1]   Because a prejudgment writ of attachment requires a court to
18   determine "the probable validity of the claim upon which the attachment is based," *see* Cal.
19   Civ. Proc. Code § 484.090(2), any sealed documents supporting such a motion are
20   necessarily more than tangentially related to the merits of the case, *see Cummings v.*
21   *Worktap, Inc.*, No. 17-CV-06246-SBA (SK), 2018 WL 3067782, at *2 (N.D. Cal. Feb. 15,
22   2018).   Accordingly, the higher "compelling reasons" standard applies.
23   / / /

24

25   [1]  Plaintiff refers to these documents as Exhibits 3, 17, and 18, respectively. (*See* Mot. at 1–2; *see also*
26   ECF No, 86 at 22–24.)  Yet, when submitting its Motion for Prejudgment Writ of Attachment, Plaintiff
     failed to file slip sheets indicating that pages 42 through 1314 of Exhibit 3 and Exhibits 17 and 18 in their
27   entirety would be lodged under seal. (*See generally* ECF Nos. 86-1–86-18.)  The Court cautions Plaintiff
     that, going forward, publicly filed exhibits should account for *all* pages that constitute the record, including
28   slip sheets for pages and/or documents that are lodged conditionally under seal.

20-CV-2534 TWR (WVG)

1    "Examples [of compelling reasons] include when a court record might be used to

2    'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as

3    sources of business information that might harm a litigant's competitive standing.'" *Ctr.*

4    *for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598–99). "The mere fact

5    that the production of records may lead to a litigant's embarrassment, incrimination, or

6    exposure to further litigation will not, without more, compel the court to seal its records."

7    *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136). In this District, certain

8    information traditionally kept secret—such as social security numbers, birth dates, and

9    financial account numbers—must be filed under seal or partially redacted from public

10   filings. *See* Office of the Clerk, United States District Court for the Southern District of

11   California, *Electronic Case Filing Administrative Policies and Procedures Manual*, § 1.h

12   (Jan. 30, 2023), available at https://www.casd.uscourts.gov/_assets/pdf/cmecf/Electronic%

13   20Case%20Filing%20Procedures%20Manual.pdf; *In re Adopting a Policy on Privacy and*

14   *Public Access to Electronic Case Files*, General Order No. 514-E (S.D. Cal. Dec. 22,

15   2020), *available at* https://www.casd.uscourts.gov/_assets/pdf/rules/General%20Order%

16   20514-E%20Adopting%20a%20Policy%20on%20Privacy%20and%20Public%20Access

17   %20to%20Electronic%20Case%20Files.pdf..

18       Here, Plaintiff has redacted such information not only from all public filings, (*see*

19   *generally* ECF Nos. 86-1–86-18), but also from the exhibits lodged under seal, (*see*

20   *generally* ECF No. 87-1–87-9). Thus, Plaintiff has identified no sensitive information

21   remaining in the lodged documents that provides a compelling reason to file them under

22   seal. Rather, Plaintiff's only justification for filing these documents under seal is the

23   Protective Order, (*see* Mot. at 4), which requires any party seeking to file material

24   designated as "confidential" to first "seek permission of the Court to file the material under

25   seal." (*See* ECF No. 46 ¶ 11.) Here, the exhibits Plaintiff seeks to file under seal were

26   designated as confidential under the Protective Order. (*See* Mot. at 3–4.) Yet, "[t]he

27   existence of a stipulated protected order is not enough, standing alone, to justify sealing

28   under the [more permissive] 'good cause' standard." *Signal Hill Serv., Inc. v. Macquarie*

3

1  *Bank Ltd.*, No. CV1101539MMMJEMX, 2013 WL 12244287, at *2 (C.D. Cal. May 14,

2  2013) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *In*

3  *re Ferrero Litig.*, No. 11-CV-205 H(CAB), 2011 WL 3360443, *2 (S.D. Cal. Aug. 3,

4  2011)).  Plaintiff has therefore failed to identify any "compelling reasons" to file the lodged

5  documents under seal.

6        For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's

7  Motion (ECF No. 85).  Either Party **MAY FILE** a renewed motion to file under seal any

8  documents for which "compelling reasons" exist <u>within fourteen (14) days</u> of the electronic

9  docketing of this Order.  Should neither Party elect to file a renewed motion, Plaintiff

10 **SHALL PUBLICLY FILE** ECF No. 87 <u>within twenty-one (21) days</u> of the electronic

11 docketing of this Order.

12       **IT IS SO ORDERED.**

13 Dated:  February 27, 2023

14 _____

15 Honorable Todd W. Robinson
   United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28