UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADLES OF WEST VIRGINIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MARIO ALVAREZ, et al.,<br><br>Defendants. | Case No.: 20-CV-2534 TWR (WVG)<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO FILE EXHIBITS UNDER SEAL IN SUPPORT OF THEIR CONSOLIDATED CROSS-MOTION AND OPPOSITION TO PLAINTIFF'S MOTION**<br><br>(ECF No. 96) |

Presently before the Court is Defendants' Motion to File Under Seal Certain Exhibits in Support of (1) Opposition to Plaintiff's Motion for Summary Judgment, or in the Alternative for Partial Summary Judgment; and (2) Cross-Motion for Summary Judgment, or in the Alternative for Partial Summary Judgment (ECF No. 96, "Mot."). For the reasons set forth below, the Court **DENIES** Defendants' Motion.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*

1  *v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  A party seeking
2  to seal a judicial record bears the burden of overcoming this strong presumption of access.
3  *Foltz*, 331 F.3d at 1135.

4        The showing required to seal a judicial record depends upon whether the documents
5  to be sealed relate to a motion that is "more than tangentially related to the merits of the
6  case."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016).
7  Where the underlying motion is more than tangentially related to the merits of the case, the
8  stringent "compelling reasons" standard applies.  *Id.* at 1096–98.  Where the underlying
9  motion does not surpass the tangential relevance threshold, the less exacting "good cause"
10 standard applies.  *Id.*  The decision to seal documents is "one best left to the sound
11 discretion of the trial court" upon consideration of "the relevant facts and circumstances of
12 the particular case."  *Nixon*, 435 U.S. at 599.

13       Defendants seek leave to file the following documents under seal in support of their
14 consolidated Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion:
15 (1) Exhibit 7: The Alvarez & Alvarez Irrevocable Trust Dated January 31, 2001; (2) Exhibit
16 15: Grant Deed from Kenneth Waggoner to Hobbs as Trustee Of 16919 Going My Way
17 Trust; (3) Exhibit 16: Certificate of Trust of 16919 Going My Way Trust; and (4) Exhibit
18 17: Limited Liability Company Operating Agreement Of 16919 Going My Way, a
19 Delaware Limited Liability Company.  (*See* Mot. at 2; *see also* ECF No. 98.)  Because a
20 motion for summary judgment is a dispositive motion that requires the court to determine
21 whether there is a "genuine dispute as to any material fact," *see* Fed. R. Civ. P. 56(a), the
22 motion is necessarily more than tangentially related to the merits of the case; accordingly,
23 the more exacting "compelling reasons" standard applies.  *Foltz*, 331 F.3d at 1135–36.

24       "Examples [of compelling reasons] include when a court record might be used to
25 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as
26 sources of business information that might harm a litigant's competitive standing.'"  *Ctr.*
27 *for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598–99).  "The existence of
28 a stipulated protected order is not enough, standing alone, to justify sealing under the [more

permissive] 'good cause' standard." *Signal Hill Serv., Inc. v. Macquarie Bank Ltd.*, No. CV1101539MMMJEMX, 2013 WL 12244287, at *2 (C.D. Cal. May 14, 2013) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *In re Ferrero Litig.*, No. 11-CV-205 H(CAB), 2011 WL 3360443, *2 (S.D. Cal. Aug. 3, 2011)).

Here, Defendants have filed their Motion "so as to not be in technical non-compliance with the Protective Order previously entered in this case," (Mot. at 2), which requires any party filing material designated as "confidential" to first "seek permission of the Court to file the material under seal," (*see* ECF No. 46 ¶ 11). Defendants have not provided any other justification for sealing. (*See generally* Mot.) In fact, they have indicated that the Parties are preparing a joint motion seeking modification of the Protective Order and permission to publicly file documents designated as "confidential." (*See* Mot. at 2.) Therefore, Defendants have not provided "compelling reasons" to file the lodged documents under seal.

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Defendants' Motion (ECF No. 96). Defendants **SHALL PUBLICLY FILE** the sealed lodged documents (ECF No. 98) within seven (7) days of the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated: March 29, 2023

Honorable Todd W. Robinson
United States District Judge